IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH ORLANDO COONEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07 C 2747 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| LYLE ROSSITER, JR., M.D., et al., | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Deborah Orlando Cooney, *et al.* ("Plaintiffs"), have filed a class action complaint against Defendants, Lyle Rossiter, Jr., *et al.* ("Defendants"). Defendants are a group of individuals and institutions that are involved in various capacities in the State of Illinois's child custody system. The gravamen of Plaintiffs' complaint is that Defendants, who include, *inter alia*, court-appointed child custody evaluators and child representatives, a state-court judge, and the public school system of Rockford, Illinois, "acted in consort [sic] to deprive the Plaintiffs . . . of their constitutional rights of due process . . . by depriving them of custody of their children." (Amended Compl., ¶ 2.) Currently before the Court is Plaintiff Deborah Orlando Cooney's motion for appointment of counsel, which Judge Aspen referred to this Court pursuant to Local Rule 72.1. Cooney alleges in her motion that she is currently unrepresented, that she has placed "well over seventy (70) telephone calls to attorneys" seeking representation without success, and that the case is too complex for her to handle on her own because she possesses no legal expertise. (Cooney's Mot. for Appt. of Counsel (Dkt. 232) at 1-2.)

Litigants in civil cases do not have a constitutional or statutory entitlement to be represented by counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). However, 28 U.S.C. § 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel." The Seventh Circuit has emphasized that this "discretionary authority to recruit a lawyer to represent an indigent civil litigant . . . 'does not authorize the federal courts to make coercive appointments of counsel.'" *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (quoting *Mallard v. U.S. Dist. Court for S. Dist. Of Iowa*, 490 U.S. 296, 310 (1989)). The Seventh Circuit's opinion in *Pruitt* succinctly lays out the factors that the Court must consider in determining whether to appoint counsel on behalf of a litigant in a civil case. The Court's exercise of discretion is guided by a three-part inquiry: First, "has the indigent plaintiff made reasonable efforts to retain counsel" or been "effectively precluded" from doing so? *Pruitt*, 503 F.3d at 654 (internal quotation marks omitted). Second, given the complexity of the case, does the plaintiff appear competent to litigate it herself? *Id.* Third, is the presence of counsel likely to make a difference in the outcome of the case? *Id.*

As to the first inquiry, Cooney's motion asserts that she has made "well over seventy" telephone calls to attorneys in an attempt to secure representation. (Cooney's Mot. for Appt. of Counsel at 1.) According to Cooney, the attorneys she has contacted have declined to take her case "due to its extremely complicated issues" and have stated that "a law office would not be able to deal with this case solely because this case would consume all of ones' [sic] practice." (*Id.*) Cooney's claim of a diligent, but fruitless, search is undermined by two important facts. First, she was represented by an attorney named Stanley Kaplan in this case until October 2007. Kaplan was allowed to withdraw his appearance when his license to practice law was suspended

by the Illinois Supreme Court. (*See* Motion to Withdraw Appearance of Counsel for Plaintiffs, Dkt. 156.) The fact that Cooney was able to retain Kaplan's services detracts from the credibility of her claim that it is not possible for her to find a lawyer. Even more damaging is the fact, brought to the Court's attention by Defendants, that Cooney was represented by counsel in a recently-dismissed state-court action that raised many of the same issues as the current litigation. (*See* Defendant Katherine Bischoff's Resp. in Opposition to Mot. to Appt. Counsel, Ex. 1.) Because Cooney was previously represented in this litigation—a representation that ended only because her attorney's license was suspended—and because she was represented by a second attorney in a substantially similar case in the Cook County Circuit Court, the Court finds that she has failed to show that she has been unable to obtain counsel despite a diligent effort.

Moving on to parts two and three of the Seventh Circuit's test in *Pruitt*, the Court must consider whether Cooney is competent to litigate the case herself, and if not, whether the presence of counsel would make a difference in the outcome. In making this inquiry, the Court may properly consider factors such as the merits of Cooney's claims; Cooney's ability to "investigate crucial facts"; whether professional counsel will better expose the truth of the case; whether Cooney will be able to properly present the case; and whether the complexity of the legal issues involved suggests that professional counsel is necessary. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).

There is no question that this case is a complicated one. Factually, Plaintiffs allege that Defendants have filed false reports in court proceedings (Amended Compl., "Facts" Sec. A.), committed judicial acts to deprive Plaintiffs of contact with their children without due process of law (*Id.*, Sec. B.), engaged in conspiracies to deprive Plaintiffs of parental rights (*Id.*, Sec. C.),

and made false statements to the Illinois Department of Children and Family Services (*Id.*, Sec. D.) The discovery process necessary to investigate these claims, which are only the tip of Plaintiffs' forty-page iceberg of a complaint, will be incredibly complex, as will the trial, assuming the case progresses that far. The Court has no doubt that these tasks are beyond Cooney's abilities as a pro se litigant. However, the Court must also ask whether appointment of counsel would make a difference in the outcome of the case. Plaintiffs' claims face a number of substantial legal obstacles that transcend the logistical complexity of the case. These include the Eleventh Amendment of the United States Constitution (which may prohibit Plaintiffs' claim against the Illinois Department of Children and Family Services); the Illinois state law rule of absolute judicial immunity (which may prohibit Plaintiffs' claims against Judge Nordquist as well as other Defendants who acted pursuant to court appointment); the federal *Rooker-Feldman* doctrine (which bars collateral attacks on state court judgments in federal trial courts and may bar Plaintiffs' claims in this case, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)); and the general difficulty of proving a § 1983 conspiracy to violate Plaintiffs' constitutional rights. With or without a lawyer, Plaintiffs' case is an extremely long shot.

To summarize, the Court finds that while Cooney may not be capable of successfully litigating this case on her own, her chances of success are not likely to grow appreciably with the appointment of counsel. Given the potential for enormous damage awards in this case, which is potentially a class action, the Court believes that Cooney's claimed inability to find an attorney to take the case on a contingency basis further underscores the long-shot nature of her claim. *See Malone v. Maddaloni*, No. 98 C 3215, 1998 WL 355532, at *2 (N.D. Ill. June 22, 1998)

(acknowledging that a plaintiff's inability to find counsel on a contingency basis in a case with large potential damages may indicate a lack of merit). Finally, Cooney's claim that she has been unable to secure an attorney is undermined by the fact that she was represented in this case by one attorney and in a substantially similar state-court case by another. The Court is reluctant to impose the potentially crushing burden of this case on an appointed attorney who must agree to "volunteer" his services or else forego trying cases in this district. *See* Local Rule 83.11(g). Furthermore, there is no basis for making such a coercive appointment in this case. Because two prongs of the inquiry articulated by the Seventh Circuit in *Pruitt* are unsatisfied, the Court finds that it would be inappropriate to essentially shutter a small law firm (or a division of a large one) in order to provide Cooney with appointed counsel. Therefore, Cooney's motion for appointment of counsel is denied.

**ENTER ORDER:**

                                                **MARTIN C. ASHMAN**
Dated: May 15, 2008.                              United States Magistrate Judge